UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENOMEN JOHN OKOGUN, <br><br> Plaintiff, <br><br> v. <br><br> LUKE MILLER *et al.*, <br><br> Defendants. | Civil Action No. 23-2640 (MAS) (JBD) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on pro se Plaintiff Enomen John Okogun's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") without prepayment of fees under 28 U.S.C. § 1915. (IFP Appl., ECF No. 1-4.) In support of his IFP Application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally* IFP Appl.) The IFP Application is complete and indicates that Plaintiff's total monthly income and monthly expenses are each $250. (*Id.* at 2-5.) Plaintiff has no other sources of income or assets. (*Id.* at 1-3.) Plaintiff additionally states that he routinely receives monetary gifts from religious organizations and strangers while friends pay for his phone and mailbox. (IFP Appl. 5.) The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

Having granted Plaintiff IFP status, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court screens the Complaint (Compl., ECF No. 1) to determine whether any claim should be dismissed (1) as frivolous or malicious, (2) for failure to state a claim upon which relief may by granted, or (3) because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's Complaint is dismissed in its entirety.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[] is the same as that for dismissing a complaint pursuant to [Rule] 12(b)(6)." *Conner v. Reed*, No. 21-14193, 2020 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff but need not accept as true legal conclusions couched as factual allegations. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

As Plaintiff is proceeding pro se, the Court must construe the pleadings liberally and in Plaintiff's favor. *See e.g., Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976); *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a *pro se* litigant's pleadings liberally."). That said, while pro se pleadings are to be broadly construed, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The instant matter is one of many that Plaintiff has filed related to the alleged incidents in Princeton, New Jersey. *See, e.g.*, *Okogun v. Silcox*, No. 23-4020 (D.N.J. 2023); *Okogun v. Creegan*, No. 22-2563 (D.N.J. 2022); *Okogun v. Trs. of Princeton Univ.*, No. 21-18957 (D.N.J. 2021). The Court has previously dismissed Plaintiff's various complaints noting that Plaintiff failed to comply with the pleading standard set forth in Federal Rule of Civil Procedure 8.[1] *See Trs. of Princeton Univ.*, No. 21-18957 (ECF Nos. 22, 35); *see also Creegan*, No. 22-2563 (ECF No. 7). Plaintiff's Complaint in the instant matter suffers the same fate.

Rule 8(a)(2) requires any complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) similarly requires each allegation in a pleading to be "simple, concise, and direct." Fed. R. Civ. P. 8(d). More directly, Rule 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Plaintiff's Complaint is a far cry from what Rule 8 requires. Plaintiff accompanies his Complaint, which he completed on the Court's "Complaint for a Civil Case" form, (*see* ECF No. 1), with two complaint "supplements" which total over 120 pages and contain almost 550 paragraphs ("First Complaint Supplement" and "Second Complaint Supplement"). (*See generally*

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

First Compl. Suppl., ECF No. 1-1; *see generally* Second Compl. Suppl., ECF No. 3.) The factual allegations cross multiple years, resulting in eighteen causes of action. (*See generally* First Compl. Suppl.; *see generally* Second Compl. Suppl.) The Complaint "meanders back and forth between facts relevant to Plaintiff's circumstances" and background information for which the Court cannot find any purpose. (*See, e.g.*, Second Compl. Suppl. ¶ 28 ("Because the MarketFair mall doesn't have a grocery store where [Plaintiff] can purchase relatively inexpensive food, like at Wegmans . . . and Whole Foods . . . , on the days [Plaintiff] spent at [Barnes & Noble, Plaintiff] usually ha[d] to shop for the meals [he would] eat . . . ahead of time, at either Whole Foods or Wegmans."); *Hendrick v. United States*, No. 20-1730, 2020 WL 6391192, at *3 (D.N.J. Nov. 2, 2020), *dismissed sub nom., Hendrick v USA*, No. 20-3329, 2021 WL 5778467 (3d Cir. Nov. 30, 2021).

Even more importantly, Plaintiff does not specifically allege facts that would support the elements of his causes of action and oftentimes gives no indication as to which cause of action is asserted against which defendant. Nothing demonstrates this more clearly than Plaintiff's Second Complaint Supplement. Each of the sixteen causes of action alleged in the Second Complaint Supplement are alleged solely against individuals not listed as defendants in this matter. (Second Compl. Suppl. ¶¶ 309-99.) The Court is left to decipher which allegations support claims against the named defendants, and which facts are simply information to contextualize the Complaint. Even though pro se complaints are to be construed liberally, pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure." *Gagliardi v. Fisher*, 513 F. Supp. 2d 457, 470 (W.D. Pa. 2007). Plaintiff's Complaint must still give Defendants "fair notice" of his claims and the grounds on which they rest. *Schulsinger v. Perchetti*, No. 15-5752, 2017 WL 3579207, at *4 (D.N.J. Aug. 18, 2017). For these reasons, the Court dismisses Plaintiff's Complaint in its entirety.

IT IS on this 22nd day of August 2023, **ORDERED** as follows:

1. Plaintiff's IFP Application (ECF No. 1-4) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

3. Plaintiff shall have thirty (30) days from the issuance of this Memorandum Order to file an amended complaint.

3. Defendants shall serve a copy of this Memorandum Order on Plaintiff within seven days of filing and e-file proof of service.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE