**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ENOMEN JOHN OKOGUN, | |
| Plaintiff, | |
| v. | Civil Action No. 23-2640 (MAS) (JBD) |
| LUKE MILLER, *et al.*, | **MEMORANDUM OPINION** |
| Defendants. | |

**SHIPP, District Judge**

    This matter comes before the Court on the Court's *sua sponte* screening of pro se Plaintiff Enomen John Okogun's ("Plaintiff") Second Amended Complaint ("SAC"). (ECF No. 6.) As Plaintiff has previously been granted *in forma pauperis* ("IFP") status in this matter, this Court is required to screen his SAC pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, Plaintiff's SAC is dismissed without prejudice in its entirety.

## I.    BACKGROUND

### A.    Factual Background

    This suit arises from Plaintiff's interactions with Defendants Captain Kevin Creegan, Corporal David Tricoche, Patrolman Ali Ali, Sergeant Al Flanders, Corporal Martin Krzywicki, Sergeant Ryder, Kenneth Strother, Sergeant Luke Miller, and Trustees of Princeton University ("Trustees") (collectively, "Defendants"). (SAC ¶¶ 7-12, ECF No. 6.) Defendants are members of

Princeton University's Department of Public Safety ("DPS") and Trustees, whose procedures and regulations are enforced by DPS. (*Id.*) The following factual allegations are taken from the SAC and are accepted as true for purposes of this screening.

Plaintiff is currently without a home or a physical residence and has been residing continuously in the State of New Jersey. (*Id.* ¶¶ 5-6.) Plaintiff alleges that Defendants, utilizing Princeton University's Rights, Rules, and Responsibilities (the official publication of University policy and regulations pertaining to members of the public, students, faculty, and staff), established a discriminatory custom or policy by banning and restricting him and only him from the Princeton University campus. (*Id.* ¶¶ 21-29, 63-81, 82-109.) Plaintiff further alleges that Princeton University leadership refused to rescind and refute the discriminatory custom against him. (*Id.*) Plaintiff asserts that, when enforcing the purported discriminatory custom or policy, Defendants made multiple false police reports regarding his presence on Princeton University's property from 2017 to 2022. (*Id.* ¶¶ 52-53, 63-81, 82-109. 110, 114, 118, 120, 123, 136-37, 160, 174, 199, 245-50.)

Plaintiff claims that due to these false reports and Short-Term Persona-Non-Grata (i.e., No-Trespass) Notices, Defendants, based on racial animus, violated his federal and state constitutional rights when Defendants painted Plaintiff as a criminal in the eyes of the members of the Princeton University community and their families, the State of New Jersey, and the general public at large. (*Id.* ¶¶ 135, 190, 198, 202, 270.) More specifically, in the SAC, Plaintiff brings

two defamation claims against Defendants based on: (1) Libel (Count I); and (2) Slander (Count II).[1] (*Id.* ¶¶ 266-91.)

### B.   Procedural History

On May 15, 2023, Plaintiff filed his original five-page complaint,[2] asserting two defamation claims against Defendants. (*See* Compl., ECF No. 1.) Alongside the original complaint, Plaintiff filed an IFP application. (IFP Appl., ECF No. 1-4.) Then, on June 9, 2023, Plaintiff filed an eighty-eight-page "complaint supplement," which appears to be an amended complaint, that added four additional defendants and sixteen additional claims.[3] (*See generally* Second Compl. Suppl.) On August 22, 2023, the Court granted Plaintiff's IFP application but dismissed the amended complaint because "Plaintiff d[id] not specifically allege facts that would support the elements of his [claims] and oftentimes g[a]ve[] no indication as to which [claim] is asserted against which defendant." (Mem. Order 4, ECF No. 5.) In dismissing the amended

---

[1] Although not specifically listed among the causes of action, the SAC also contains sporadic references to violations of his rights under the Civil Rights Act of 1964, New Jersey Law Against Discrimination, and First Amendment rights to the Constitution of the United States. (SAC ¶¶ 18, 34-49, 63-75, 82-109, 110-265, 281.)

[2] Affixed to Plaintiff's original complaint, Plaintiff provided a thirty-three-page supplement. (ECF No. 1-1.)

[3] Plaintiff's filing also included seven pages of exhibits. (Second Compl. Suppl. 90-97, ECF No. 3.)

complaint, the Court further explained that "[e]ach of the sixteen [claims] alleged . . . are alleged solely against individuals not listed as defendants in this matter." (*Id.*)

On September 21, 2023, Plaintiff, undeterred, filed an eighty-one-page SAC, along with a litany of exhibits,[4] asserting two defamation claims.[5] (SAC ¶¶ 266-91.) In the SAC, Plaintiff requests relief in the form of: (1) punitive, nominal, and compensatory damages, including emotional distress and harm to his reputation; (2) monetary compensation of $450,000; and (3) permanent destruction and/or redaction of any record regarding Plaintiff originating from all of Princeton University and DPS that are false. (*Id.* ¶¶ 292-94.)

On January 26, 2024, this Court issued a notice advising Plaintiff that under Federal Rule of Civil Procedure[6] 4(m), absent proof of service or a showing of good cause, the SAC would be dismissed on February 9, 2024. (ECF No. 9.) On February 21, 2024, this Court dismissed the SAC without prejudice (ECF No. 10), and Plaintiff appealed (ECF No. 11). The Third Circuit vacated the dismissal and remanded the matter to this Court. *Okogun v. Miller*, No. 24-1511, 2024 WL 4249485, at *1 (3d Cir. Sept. 20, 2024). The Third Circuit explained that "when a plaintiff is authorized to proceed IFP under § 1915, a United States Marshal must be appointed to effect service," and because "[Plaintiff] had IFP status, and no federal marshal was appointed to effect service, dismissal for failure to serve was improper." *Id.*

---

[4] This time Plaintiff returned to the Court with 171 pages of exhibits to accompany the SAC. (ECF Nos. 6-2, 6-3, 6-4, 6-5, 6-6, 6-7.)

[5] Plaintiff, in his SAC, abandoned the four additional defendants and sixteen additional claims asserted in his amended complaint, reverting to the original defendants named in the initial Complaint. (*Compare* Compl., *with* SAC.)

[6] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## II.    **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Rule 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court construes pleadings filed by pro se plaintiffs liberally and holds them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    **DISCUSSION**

For the reasons outlined below, the Court dismisses Plaintiff's SAC under Rule 8.

Rule 8(a) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "'Taken together,' Rules 8(a) and 8(d)(1) 'underscore the emphasis placed on clarity and brevity by the federal pleading rules.'" *Okogun v. Trs. of Princeton Univ.*, No. 23-2402, 2024 WL 1427585, at *2 (3d Cir. Apr. 3, 2024) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)). "Stated more plainly, Rule 8 'requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin

from a bucket of mud.'" *Okogun v. Trs. of Princeton Univ.*, No. 21-18957, 2022 WL 2347168, at

*2 (D.N.J. June 29, 2022) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374,

378 (7th Cir. 2003)).

Here, the SAC is neither "simple, concise, [nor] direct." *See* Fed. R. Civ. P. 8(d)(1). Instead,

the SAC is as "detailed as it is rambling and confusing." *Pilkey v. Lappin*, No. 05-5314, 2006 WL

1797756, at *1 (D.N.J. June 26, 2006). The SAC is unnecessarily long and wanders between facts

purportedly relevant to Plaintiff's living situation and background information whose relevance to

the case is unclear and difficult for the Court to discern. *Hedrick v. United States*, No. 20-1730,

2020 WL 6391192, at *3 (D.N.J. Nov. 2, 2020) (dismissing a forty-one-page pro se complaint

because it was as detailed as it was rambling and confusing). For this reason alone, the Court may

dismiss Plaintiff's SAC.[7] *Okogun v. Trs. of Princeton Univ.*, 2024 WL 1427585, at *2 (3d Cir.

Apr. 3, 2024) ("[D]istrict [C]ourt acts within its discretion when it dismisses an excessively prolix

and overlong complaint,' especially after a litigant has been given an opportunity 'to better tailor

[his] pleading.").

Even if the Court did not dismiss Plaintiff's SAC for failure to contain a *short* and *plain*

statement, it would dismiss the SAC because it fails to state a claim. In the SAC, Plaintiff asserts

two defamation claims based on libel and slander against Defendants. (SAC ¶¶ 266-92.) "The law

---

[7] In a related matter with similar factual allegations, the Third Circuit affirmed this Court's dismissal of Plaintiff's complaint on the basis of being overly long. *Okogun v. Trs. of Princeton Univ.*, 2024 WL 1427585, at *2 (3d Cir. Apr. 3, 2024). In *Okogun*, the allegations included facts "spanning five years and discussing dozens of incidents, individuals, and seemingly unrelated observations." *Id.* Plaintiff's allegations also included "various anecdotes and exchanges with visiting speakers and students on the University campus . . . and various incidents he observed or recorded — the relevance of which is unclear when considering his treatment by DPS officers or the University." *Id.* Plaintiff's claims were indecipherable, as "[t]he complaint [wa]s so voluminous and unfocused that it [wa]s impossible to identify what about [Plaintiff's] encounters with various DPS officers, University staff, or private individuals could support any claim for relief regarding a violation of his state or federal constitutional rights." *Id.*

of defamation attempts to strike 'the proper balance between protecting reputation and protecting free speech.'" *G.D. v. Kenny*, 15 A.3d 300, 310 (N.J. 2011) (quoting *Ward v. Zelikovsky*, 643 A.2d 972, 978 (N.J. 1994)). To set forth a defamation claim (libel or slander)[8] under New Jersey law, a plaintiff must adequately allege that: (1) the statement was false; (2) the defendant communicated the false statement to another person; and (3) the defendant acted negligently or with actual malice in communicating the statement. *Id.* at 310; *see also W.J.A. v. D.A.*, 43 A.3d 1148, 1153 (N.J. 2012). "A statement falsely attributing criminality to an individual is defamatory as a matter of law." *G.D.*, 15 A.3d at 310. "To demonstrate defamation, a plaintiff must show more than that [his] 'own feelings were hurt or that [he] suffered embarrassment . . . . Rather, the focus is on the effect of the alleged defamatory statement on third persons.'" *Krasil v. Betze*, No. 22-6914, 2023 WL 6635319, at *15 (D.N.J. Oct. 12, 2023) (quoting *McLaughlin v. Rosanio, Bailets & Talamo, Inc.*, 751 A.2d 1066, 1072 (N.J. Super. Ct. App. Div. 2000)).

Here, Plaintiff fails to allege sufficient facts to maintain a libel or slander defamation claim. In the SAC, Plaintiff identifies a plethora of police reports that he claims are defamatory because they are false and paint him as a criminal. (SAC ¶ 270.) Although Plaintiff points to police reports that pertain to him (*id.* ¶¶ 57, 110, 118, 119, 123, 152, 157, 159, 168, 170, 199, 201, 204, 227, 240), he fails to plausibly plead that the statements contained within those reports were false. Rather, Plaintiff, in a conclusory manner, asserts these statements were fabricated to "assassinate [his] character and portray [him] as a wanton criminal, a chronic felon, and a lascivious predator." (*Id.* ¶ 254.) Plaintiff nonetheless further alleges, in a conclusory fashion, that Defendants "have

---

[8] "A defamatory statement may consist of libel or slander . . . . Libel is defamation by written or printed words, or by the embodiment of the communication in some tangible or physical form, while slander consists of the communication of a defamatory statement by spoken words, or by transitory gestures." *W.J.A. v. D.A.*, 43 A.3d 1148, 1153 (N.J. 2012).

justified [the police reports] all based on their label of [Plaintiff] as homeless, and also because [he] is a black person." (*Id.* ¶ 255.) Without providing any support or context for his claims, Plaintiff asserts that Defendants colluded to criminalize Plaintiff's innocent activity and that Defendants' reports are inaccurate. (*Id.* ¶¶ 202-07.) Such conclusory allegations are insufficient to state a defamation claim. *See Iqbal*, 556 U.S. at 678 (explaining that a court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff); *see also D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (explaining that a court "need not . . . credit a pro se plaintiff's 'bald assertions' or 'legal conclusions'"). Even if Plaintiff sufficiently alleged that the statement about criminality was false, Plaintiff fails to adequately allege that Defendants communicated the false statement to another person and that Defendants acted negligently or with actual malice in communicating the statement.[9]

For the above reasons, Plaintiff's SAC fails to comply with Rule 8. As such, the Court dismisses the SAC without prejudice. The Court will permit Plaintiff one final opportunity to amend his complaint to comply with Rule 8. Such pleading should contain a short and plain

---

[9] The Court notes that, for defamation claims in New Jersey, "police officers acting in their official capacities are public officials for the purposes of the actual malice requirement." *Van Englen v. Broad. News Networks, Inc.*, No. 96-2503, 1997 WL 406267, at *4 (D.N.J. Jan. 30, 1997) (citing *Costello v. Ocean Cnty. Observer*, 643 A.2d 1012, 1021 (N.J. 1994)). Thus, to adequately plead actual malice, Plaintiff must provide sufficient factual allegations to demonstrate "that the publisher either kn[e]w that its article was false or publish[ed] it with 'reckless disregard' for its truth." *Jevremovic v. Courville*, No. 22-4969, 2023 WL 5127332, at *7 (D.N.J. Aug. 10, 2023). A plaintiff cannot rely on "a bare conclusory assertion that [a defendant] 'knew and/or reasonably should have known that the statement was false.'" *Id.* (quoting *Darakjian v. Hanna*, 840 A.2d 959, 965 (N.J. Super. Ct. App. Div. 2004)). Instead, "[p]laintiffs need to plead sufficient facts to plausibly allege that [d]efendant 'actually doubted the veracity' of [t]he[i]r statements." *Id.* (quoting *Lee v. TMZ Prods. Inc.*, 710 F. App'x 551, 560 (3d Cir. 2017)). Here, the SAC fails to contain any factual support to suggest that Defendants acted with actual malice.

statement limited to the necessary facts and must explain which specific facts support each cause of action.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court *sua sponte* dismisses the SAC. The Court will issue an order consistent with this Memorandum Opinion.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE